WADY (SWIFT v.). See Case No. 13,699.

## Case No. 17,033.

### WAGENER v. MINOT.

[Hask. 313.] [1]

District Court, D. Maine. Nov., 1870.

CHASTISEMENT OF SEAMEN.

The master of a vessel is never justified in chastising a seaman at the wheel, howsoever flagrant his demeanor may be.

In admiralty. Libel in personam, for assault and battery committed by the master of a vessel upon a seaman while on duty at the wheel, on a voyage to Portland. Answer, that the violence used was reasonable chastisement for insolence and insubordination.

It appeared at the hearing, that on October 18th the libellant [Alfred Wagener] was at the wheel, that the sea was rough, and that it was almost a gale. The libellant not keeping the brig upon her course, the master [James A. Minot] testified that he reprimanded him, and after some hard words between them, he told libellant to "heave the wheel up," to which he replied, "I will do it when I get ready;" that thereupon he struck the libellant a back handed blow in the face with sufficient force to break the skin of the nose and to knock him over the wheel, catching the wheel as the man fell. The testimony of the master was corroborated by the steward. The testimony presented for the libellant by three of the seamen tended to prove that the beating was much more severe than the master admitted it to have been, and that the man was badly bruised in both eyes, and was repeatedly struck and kicked by the master. The libellant was not examined as a witness, being now deranged; but it was not claimed that this condition was occasioned by the assault.

[1] [Reported by Thomas Hawes Haskell, Esq., and here reprinted by permission.]

James D. Fessenden, for libellant.

Thomas B. Reed, for respondent.

FOX, District Judge. In cases of this nature, it is a general rule of the court, that when it is manifest that the seaman deserved punishment, the court will not award him damages, unless the punishment was excessive. The present case is not subject to this rule, as under the circumstances the master can not be justified in any court, for committing any assault whatever on the libellant. The weather was at the time quite bad, almost a gale, with a heavy sea; the libellant was alone at the wheel, and the lives of all on board were in his charge, dependent on his being able to retain the control and management of the ship with the wheel. An assault upon the man at the wheel is never justifiable, for in such a case the lives of all are put in jeopardy. However flagrant at the moment might be the language or behavior of the wheels-man, the only course for the master to pursue is to relieve him from his position, put another of the crew at the wheel, and then administer to the guilty party such punishment as he might have merited for his misconduct.

The damages therefore, in the present case, will be somewhat heavier than are usually awarded, as the court feels called upon to express its most decided censure of the conduct of the master, and to admonish him and all other officers of vessels, that they must never assault the helmsman, however provoking and exasperating his language or conduct may be.

Decree for libellant for $100.00 and costs.